IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

LUIS J. CORREA-FIGUEROA,

Defendant.

CRIMINAL NO. 15-468 (PAD)

## MEMORANDUM AND ORDER

Delgado-Hernández, District Judge.

Before the court is defendant's "Motion for Acquittal Under Rule 29 of F.R.C.P." (Docket No. 203), which the government opposed (Docket No. 206). For the reasons below, the motion is DENIED.

### I.  STANDARD OF REVIEW

Pursuant to Rule 29 of the Federal Rules of Criminal Procedure, "[a] defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." Fed. R. Crim. P. 29(c). In addressing a motion under this rule, the court must view "the evidence in the light most flattering to the jury's guilty verdict, [and] assess whether a reasonable factfinder could have concluded that the defendant was guilty beyond a reasonable doubt." United States v. Lipscomb, 539 F.3d 32, 40 (1st Cir. 2008). The court does "not assess the credibility of a witness, as that is a role reserved for the jury. Nor [it] need[s] to be convinced that the government succeeded in eliminating every possible theory consistent with the defendant's innocence." United States v. Peña-Santo, 809 F.3d 686, 696 (1st Cir. 2015). "Rather, [it] must decide whether that evidence, including all plausible inferences drawn therefrom, would allow a rational factfinder to conclude beyond a reasonable doubt that the defendant committed

the charged crime, even if that conclusion is not inevitable." United States v. Santos-Soto, 799 F.3d 49, 57 (1st Cir. 2015). "Testimony from even just one witness can support a conviction." United States v. Alejandro-Montañez, 778 F.3d 352, 357 (1st Cir. 2015). Accordingly, the "verdict must stand unless the evidence is so scant that a rational factfinder could not conclude that the government proved all the essential elements of the charged crime beyond a reasonable doubt." Santos-Soto, 799 F.3d at 57.

## II. DISCUSSION

On August 3, 2016, a jury returned a sixteen-count Superseding Indictment charging defendant, Luis Javier Correa-Figueroa of various federal offenses, including being a Prohibited Person in Possession of a Firearm; Illegal Possession of a Machinegun; Possession of a Firearm in Furtherance of a Drug Trafficking Crime; Possession of a Machinegun in Furtherance of a Drug Trafficking Crime; Willfully Injuring Property of the United States; Assault upon a Federal Officer; Attempt to Possess with Intent to Distribute Controlled Substances; and Willfully Injuring Property of the United States.[1] On April 4, 2017, after eleven days of trial, a jury found Mr. Correa guilty as to all counts (Docket Nos. 197 and 199).

---

[1] For context, in June 2015, the defendant was a confidential source working with the Drug Enforcement Administration. As part of that role, he provided support to law enforcement agents conducting investigations by either giving information regarding unlawful activity or purchasing controlled substances or other items in a setting controlled by the DEA. In late June 2015, DEA agents received information through a confidential source that the defendant was trying to conduct unlawful activity; but not in his capacity as a confidential source. The government confirmed defendant's intent through recorded conversations between the defendant and another confidential source, and subsequently terminated defendant as a confidential source. Later on, defendant engaged in several phone calls with a DEA undercover agent where the meeting location for the consummation of the unlawful activity was discussed. In essence, defendant discussed his need to obtain cocaine to distribute controlled substances in the area he lived and his ability to provide firearms in exchange. The defendant and the undercover agent ultimately decided they would meet in the parking lot of the Plaza Guaynabo Shopping Center in Guaynabo, Puerto Rico. When the defendant arrived, he parked and showed a confidential source some firearms and magazines, and a takedown signal was given after confirmation of the presence of the weapons. As the government vehicles were approaching the defendant, he began to attempt to flee the scene, causing damages to several government vehicles and three parked cars belonging to civilians. The defendant tried to escape, to no avail, as his vehicle ultimately came to a stop when it crashed into a parked FedEx truck. The defendant was struck several times by the gunshots and firearms were recovered in the defendant's vehicle, along with magazines and ammunition.

Defendant now moves for acquittal alleging, in essence, that (i) the evidence was insufficient to support his conviction (Docket No. 203); (ii) no evidence was presented to prove that he was unlawfully possessing a firearm (id. at p. 2); (iii) Counts 1 and Two were duplicative (id.); (iv) the weapons at issue were a loan and not in furtherance of a drug trafficking crime (id. at pp. 3-5);(v) no evidence was provided as to him having willfully caused his vehicle to collide into a vehicle property of the United States (id. at p. 7); (vi) no evidence was presented of him assaulting "anyone" that day because he did not know the individuals were law enforcement agents (id. at pp. 7-8); and, (vii) as a DEA informant, he was authorized to commit crimes related to his work.[2]

The court does not need to tarry long here to conclude that defendant's request lacks merit. What is more, review of his motion confirms that defendant largely raises the same arguments and theories made at trial while cross-examining the government's witnesses and during closing. Factual theories that the jury considered and discredited, as part of its province to determine credibility and to weight the evidence do not sustain a judgment of acquittal under Rule 29. See, United States v. Cruz-Rodriguez, 541 F.3d 19, 26 (1st Cir. 2008)("Credibility issues must be resolved in favor of the verdict.")(internal citations omitted); United States v. Chambers, 113 F.Supp.3d 729, 739 (S.D.N.Y. 2015)(In support of his Rule 29 motion defendant repeats the same arguments that were central to his summation. "But the jury considered the evidence in light of this argument and, as it was empowered to do, rejected it.") And, other than perfunctory and undeveloped arguments, defendant includes no legal authority that would move the court to acquit him on any of the challenged charges. See, United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990)("It is not enough merely to mention a

---

[2] Defendant also claimed the government failed to identify the agents listed in Counts Six, Nine, Eleven and Thirteen by their initials. As correctly stated by the government, however, evidence was presented at trial as to the identity of these individuals, who were in the vehicle when the defendant crashed into it while trying to exit Plaza Guaynabo.

possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones").

Furthermore, contrary to defendant's contention, at trial the government introduced evidence to establish the elements of each Count including, but not limited to, evidence (i) to prove that defendant knowingly possessed the firearms and ammunitions and defendant's plan behind it (Counts 1 and 2); (ii) to prove that at the time of the incident, defendant was deactivated as an informant source for the DEA and was not authorized by the DEA agents to conduct the transaction (Count 1); (iii) of his knowledge that the Glock Pistol was modified to be fully automatic (Count 2); (iv) that defendant was trying to obtain a large quantity of controlled substances in order to distribute the drug at the condominium he was living (Counts 3, 14 and 14); (v) that he was negotiating for two kilos, referring to a large amount of drug he would receive and the opening of a refreshment business, and how the drug could be split between him and another individual if he was included; (vi) that he thought that to obtain the first kilo of cocaine, he would need to provide "the Dominicans" with firearms so that they could fix a problem; (vii) as to the circumstances surrounding the vehicles damaged at Plaza Guaynabo during defendant's attempt to flee from law enforcement agents, the manner in which the damage was done to each vehicle, and the sum of the damage to the government property (Counts 5, 15, 16), among others.

In all, based on all the evidence presented, a rational jury could have found beyond a reasonable doubt that Correa was guilty on all counts charged. Evidence was sufficient to support his conviction. Therefore, the motion for acquittal under Rule 29 must be denied.

### III.    CONCLUSION

In light of the foregoing, defendant's motion for acquittal is DENIED.

**SO ORDERED.**

In San Juan, Puerto Rico, this 12th day of February, 2018.

                                                  s/Pedro A. Delgado-Hernández
                                                  PEDRO A. DELGADO-HERNÁNDEZ
                                                  U.S. DISTRICT JUDGE